**UNITED STATES of America,
Appellee,**

v.

**Arthur Thatcher ROBERTS,
Appellant.**

**No. 71–1655.**

United States Court of Appeals,
Fourth Circuit.
July 11, 1972.

Burton W. Sandler, Towson, Md., and William E. Seekford, Perry Hall, Md., on brief for appellant.

Brian P. Gettings, U. S. Atty., and Gilbert K. Davis, Asst. U. S. Atty., on brief for appellee.

Before CRAVEN and RUSSELL, Circuit Judges, and BLATT, District Judge.

BLATT, District Judge:

This is an appeal from a conviction on five counts of a six-count indictment charging violations of certain federal firearms laws. Defendant-appellant was convicted on the first three counts involving possession of unregistered firearms in violation of 26 U.S.C. § 5861(d), on count five charging him with transporting firearms in interstate commerce in violation of 18 U.S.C. § 922(g)—count four alleging a violation of this section having been dismissed by the court at the conclusion of the government's case —and on count six involving a violation of 18 U.S.C. App. § 1202(a), which section proscribes possession of firearms that have been "in or affecting interstate commerce" (United States v. Tuck (4 Cir. slip opinion #71-1977, 3/8/72 by one having been previously convicted of a felony. The defendant was sentenced to a term of eighteen months on each count, said sentences to run concurrently. On Motion of the parties, the questions raised in this appeal were submitted to the court on briefs without oral argument. We affirm the convictions on counts one, two, three, and five of the indictment and we reverse the conviction on count six.

On March 16, 1970, defendant, who was then a licensed firearms dealer, pled guilty to one count of an earlier indictment which charged him with the sale of a firearm to a person known by him to be a non-resident of his home state of Virginia, this sale being in violation of

18 U.S.C. § 922(b) (3). As a result of that felony conviction, defendant was thereafter prohibited from possessing any firearms and his license as a firearms dealer, which expired a few months later, was not renewed. On September 21, 1970, a search warrant was obtained from a United States Magistrate and was executed at the residence of the defendant, resulting in the seizure of sixty-two firearms from defendant's automobile, garage, house, and briefcase. It was upon such seizures that the indictment here involved was based.

Defendant urges reversal of his conviction on the five counts of the indictment and posits his contentions on various theories, the most substantial of which are:

1. That the trial judge `erred in refusing to grant defendant's Motion for Transfer in that said trial judge, having presided at defendant's earlier guilty plea proceeding, should have recused himself.

2. That the search warrant which was obtained on September 21, 1970, was defective for failure to set forth facts sufficient to constitute probable cause and, therefore, the fruits of that search should have been suppressed.

3. That count five of the indictment should have been dismissed because the Essex frames, which were seized in the search of September 21, 1970, were not firearms within the meaning of the governing statute.

4. That the conviction based on count six should be reversed because the government failed to allege or prove that the firearms found in defendant's possession were in or affecting interstate commerce.

Since we deem all other grounds and objections raised by the defendant on this appeal to be insubstantial and without merit, we find nothing to warrant reversal or remand based thereon.

■ Considering defendant's arguments in the order above set forth, we perceive no evidence of prejudice or bias on the part of the trial judge and we are not persuaded that the trial judge abused his discretion in denying defendant's Motion for Transfer. United States v. Ramsey, (4th Cir. slip opinion #71–1716, 4/21/72).

■ Defendant contends, since the affidavit supporting the search warrant did not allege that the firearms purported to be in defendant's possession had at any time been in or affecting interstate commerce, that this search warrant was improvidently issued and the weapons— the evidence obtained pursuant to the execution of the warrant—were illegally seized and, therefore, should not have been admitted at the trial. The search warrant, however, comported with the law as it existed at the time of its issuance and, as such, was clearly valid. (United States v. Hanon (8 Cir.) 428 F. 2d 101, cert. den. 402 U.S. 952, 91 S.Ct. 1608, 29 L.Ed.2d 122).

■ Defendant next contends that the Essex frames which he transported from Virginia to Maryland are not firearms within the meaning of 18 U.S.C. § 921(a) (3) (A) and (B). We find, however, ample evidence in the record, when such record is viewed in the light most favorable to the government, to support the jury's finding of guilty on this count.

■ Finally, defendant urges reversal of his conviction on count six of the indictment because the government did not allege or prove that the possession of these firearms was in or affecting interstate commerce pursuant to the requirements of United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1972). Since it is obvious that the government failed to prove the requisite nexus with interstate commerce, and this the government admits, we reverse the conviction as to count six. United States v. Tuck, *supra*, United States v. Martin (4 Cir. slip opinion #71–2122, 3/27/72).

Affirmed in part, reversed in part.